UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **25-CR-20117-ALTONAGA/REID**

26 U.S.C. § 7206(1)

UNITED STATES OF AMERICA

vs.

SURESH GAJWANI,

        Defendant.
_____/

FILED BY **BM** D.C.

**Mar 19, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States and collecting taxes owed to the United States.

2. A Subchapter C corporation ("C corporation") was a legal business entity in which profits are taxed first at the corporate level, at a rate of 21%, and again at the shareholder level at their individual tax rate after profits are distributed.

3. In certain circumstances, a corporation may elect to be taxed under Subchapter S of Chapter 1 of the Internal Revenue Code. If a corporation makes such an election, then it is not taxed on its net taxable income. Rather, the shareholders of a Subchapter S corporation ("S corporation") are taxed on their proportional shares of the corporation's net taxable income. The shareholder of an S corporation reports the flow-through income on their individual tax return assessed at their

individual income tax rate. For tax years beginning in 2018, the top marginal tax rate for individuals was 37%.

4. Internal Revenue Service ("IRS") Form 2553, "Election by a Small Business Corporation" ("Form 2553"), was a form used by a corporation to request an election to convert a C corporation to an S corporation. The IRS allowed a C corporation to seek a retroactive election as an S corporation for a prior year. However, the IRS required that the corporation file a good cause statement, under penalty of perjury, with the IRS explaining the reason for the late election. To qualify for late relief, the good cause statement must show that the corporation failed to qualify on the effective date solely because the Form 2553 was not filed by the due date, had reasonable cause for its failure to timely file, and acted diligently to correct the mistake. If the corporation was ineligible, the IRS rejected the conversion to an S corporation.

5. In 2012, Puerto Rico enacted the Act to Promote the Relocation of Individual Investors to Puerto Rico known as Act 22 (now known as Act 60), in order to promote economic development on the island by incentivizing individual investors to relocate to Puerto Rico. Under Act 60, bona fide residents of Puerto Rico who applied for a tax exemption decree were not subject to United States federal income taxes on income derived from sources within Puerto Rico. In addition, bona fide residents of Puerto Rico were exempt from Puerto Rican taxes with respect to all passive income (i.e., dividends, interest, and capital gains realized or accrued after the individual became a bona-fide resident of Puerto Rico).

## The Defendant and Related Entities

6. **SURESH GAJWANI** was a resident of Miami-Dade County as of 2018.

7. **SURESH GAJWANI** formed Nimco II Corporation ("Nimco") in July 2018 as a C Corporation registered in Delaware.

8. Nimco's portfolio of Tesla stock experienced substantial capital gains in the tens of

millions of dollars beginning in or around October 2019.

9. Following the substantial capital gains in Nimco's portfolio in October 2019, **SURESH GAJWANI** became interested in the capital gains tax exemption benefits of Puerto Rico's Act 60 for Nimco and sought advice from Accountant 1 and Attorney 1.

10. Accountant 1 advised **SURESH GAJWANI** to convert Nimco from a C Corporation to an S Corporation because a C Corporation could not qualify for Act 60 benefits.

11. **SURESH GAJWANI** obtained an opinion letter from Attorney 1 stating that (a) income earned by a U.S.-based S Corporation could be sourced to Puerto Rico and exempt from capital gains taxes and (b) built-in capital gains for U.S. residents accrued prior to becoming a resident of Puerto Rico could be exempt from federal income taxes under Act 60. IRS senior representatives later advised Attorney 1 that both positions in his opinion letter were wrong.

12. Effective January 1, 2020, **SURESH GAJWANI** became a bona fide resident of Puerto Rico.

13. In or around January 2020, Accountant 1 prepared a reasonable cause statement for Form 2553 that falsely and fraudulently represented that "Nimco . . . intended to be treated as an S Corporation as of January 1, 2019;" when, in truth and in fact, as **SURESH GAJWANI** knew, Nimco did not intend to be treated as an S Corporation as of January 1, 2019. **SURESH GAJWANI** knew that the true reason for the late election was to avoid payment of capital gains taxes. Accountant 1 discussed with **SURESH GAJWANI** that the IRS was unlikely to scrutinize the reasonable cause statement.

14. On or about January 27, 2020, **SURESH GAJWANI** signed the above-referenced reasonable cause statement under penalties of perjury and caused it to be submitted to the IRS from Accountant 1's office in the Southern District of Florida.

15. Based on the Form 2553 and the false and fraudulent reasonable cause statement, the

3

IRS granted the late S Corporation election for Nimco retroactive to January 1, 2019.

16. Between 2019 and 2022, Nimco realized net capital gains totaling approximately $80 million and distributed a corresponding amount to its shareholders. As a result of the improper conversion of Nimco, **SURESH GAJWANI** did not pay taxes due and owing on the capital gains realized.

*[The remainder of this page is intentionally left blank.]*

**FILING A FALSE RETURN, STATEMENT, OR OTHER DOCUMENT**
**(26 U.S.C. § 7206(1))**

On or about January 27, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SURESH GAJWANI,**

did willfully make and subscribe a statement and other document submitted to the IRS, that is, a reasonable cause statement attached to an IRS Form 2553, which contained a written declaration that it was made under penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the reasonable cause statement falsely reported that the defendant had intended to treat Nimco as an S corporation as of January 1, 2019, whereas the defendant knew that he had not intended to treat Nimco as an S corporation as of January 1, 2019.

In violation of Title 26, United States Code, Section 7206(1).

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

MICHAEL N. BERGER
SENIOR LITIGATION COUNSEL

ASHLEY STEIN
CURTIS WEIDLER
TRIAL ATTORNEYS
TAX DIVISION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-20117-ALTONAGA/REID

v.

SURESH GAJWANI,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☑  0 to  5 days                ☐ Petty
   II   ☐  6 to 10 days                ☐ Minor
   III  ☐  11 to 20 days               ☐ Misdemeanor
   IV   ☐  21 to 60 days               ☑ Felony
   V    ☐  61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Michael N. Berger
Assistant United States Attorney
SDFL Court ID No. A5501557

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: SURESH GAJWANI

**Case No**: _____

Count #: 1

Filing a False Return, Statement, or Other Document

Title 26, United States Code, Section 7206(1)

* **Max. Term of Imprisonment:** Three (3) years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** One (1) year
* **Max. Fine:** $100,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. **25-CR-20117-ALTONAGA/REID** |
| SURESH GAJWANI, ) | |
| ) | |
| *Defendant* ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*